# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STACY BLUNT,

      **Plaintiff,**

v.                                                                            Case No. 04-C-933

BRIAN FINDLEY,

      **Defendant,**

## ORDER

Plaintiff Stacy Blunt, who is incarcerated at the Wisconsin Resource Center, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis on a claim that defendant Brian Findley conspired with state officers to deprive him of his constitutional rights. Defendant has filed a motion for summary judgment which will be addressed herein.

The complaint, which names several John Doe defendants in addition to Findley, alleges that defendant Findley and John Does "conspired to deny the Plaintiff access to the court and further conspired to keep the plaintiff in dark from knowing that his appeal was filed and the plaintiff was successful." (Compl. ¶ IV.A.) On January 24, 2005, due to the nature of defendant Findley's argument in support of his motion for summary judgment, I denied without prejudice plaintiff's "motion to amend caption" to identify a John Doe defendant. Instead, plaintiff was directed to file a response to defendant Findley's motion for summary judgment. Plaintiff filed his response on February 16, 2005, and on February 24, 2005, defendant Findley filed a reply.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

The party moving for summary judgment bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden simply by pointing out that there is an absence of evidence to support the non-moving party's case. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith

2

Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). When both parties have moved for summary judgment, both are required to show that no genuine issues of fact exist, taking the facts in the light most favorable to the party opposing each motion. If issues of facts exist, neither party is entitled to summary judgment. Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voight, 700 F.2d 341, 349 (7th Cir. 1983).

## II. DEFENDANT'S PROPOSED FACTS

Plaintiff is currently confined at the Wisconsin Resource Center (WRC). (Compl. ¶ 1; Ans. ¶ 1.) Defendant is an attorney authorized to practice law in the State of Wisconsin. (Affidavit of Brian Findley [Findley Aff.] ¶ 1.) On March 28, 1996, defendant was appointed to represent plaintiff for postconviction proceedings in Milwaukee County Case Number 95-CF-954336. (Findley Aff. ¶ 2.) As part of that appointment, defendant was also responsible for pursuing an appeal of the denial of that relief in Case Number 96-3237-CR (Wis. Ct. App. 1997). Id.

On September 20, 1996, defendant met with plaintiff at Columbia Correctional Institution and discussed his situation with him. (Findley Aff. ¶ 3.) Defendant advised plaintiff that if he were successful in withdrawing his guilty plea, he could end up in a worse position than the one he was then in. Id. Defendant repeated that caution in a letter to plaintiff dated October 2, 1996. (Findley Aff. ¶ 3, Ex. A.)

Defendant filed a postconviction motion on October 21, 1996, requesting that the court allow plaintiff to withdraw his guilty plea because it was not knowingly, intelligently, and

3

voluntarily entered. (Findley Aff. ¶ 4.) The motion was denied without a hearing the following day. Id.

Defendant filed an appeal of that denial and on January 22, 1997, he filed a supporting brief. (Findley Aff. ¶ 5.) On February 5, 1997, defendant forwarded a copy of the brief to plaintiff. (Findley Aff. ¶ 5, Ex. B.)

On December 9, 1997, the Wisconsin Court of Appeals entered a per curiam decision reversing the trial court's decision in Case Number 96-3237-CR. (Findley Aff. ¶ 6, Ex. C.) The case was remanded to the trial court for a hearing on whether plaintiff's plea was knowing, intelligent, and voluntary. Id. The trial court scheduled the hearing on remand for May 12, 1998. (Findley Aff. ¶ 6.)

On April 21, 1998, defendant sent plaintiff a copy of the court of appeals' decision, along with some medical release forms for him to sign and a letter informing him as follows:

> Congratulations. The court of appeals has ruled that you are entitled to a hearing in the trial court. At the hearing the court will have to decide whether you should be allowed to withdraw your plea because you were hearing voices.

(Findley Aff. ¶ 7, Ex. D.) On April 22, 1998, plaintiff signed the confidential release forms. (Findley Aff. ¶ 8.) Defendant hired Dr. Marshall, who prepared a psychological report after meeting with plaintiff on June 5, 1998. Id. The hearing had to be rescheduled for July 13, 1998, due to the expert's inability to prepare the report in time to meet the earlier scheduled date. Id. On July 6, 1998, defendant forwarded a copy of Dr. Marshall's report to the court with a request that Dr. Marshall be allowed to appear by telephone. (Findley Aff. ¶ 9, Ex. E.)

On July 8, 1998, plaintiff informed defendant that he no longer wished to press his appeal:

> Two days later, I spoke with plaintiff on the phone in preparation for the hearing. At that time, plaintiff informed me that he was certain that he wanted to cancel his motion to withdraw his plea and that no voices were making him make do it [sic]. His reasons were ones that I believed were rational: he understood that if he succeeded in setting aside the conviction on the guilty plea, he could have to face additional charges and possibly more prison time because the case would have gone back to its status before the plea agreement; and also, more important to him, he did not want to risk placement in a mental institution upon a possible finding of incompetence or insanity at trial. I had raised these issues with him when I was first appointed to represent him in the postconviction motion and had discussed it with him at various times after that. See Exhibit A, my letter of October, 1996.

(Findley Aff. ¶ 10.)

In a letter dated July 9, 1998, defendant informed the trial court of plaintiff's decision. (Findley Aff. ¶ 11, Ex. F.) Thereafter, defendant tried to visit plaintiff in prison to discuss the situation, but plaintiff was unable to meet with him because he "claimed to be having seizures." (Findley Aff. ¶ 12.) On July 24, 1998, defendant sent plaintiff a letter advising him that defendant had done what he asked and offering to accept plaintiff's collect calls if he had any questions. (Findley Aff. ¶ 12, Ex. G.)

Since then, plaintiff has requested the transcripts, which defendant sent to him in September 2000, and which plaintiff acknowledged receiving. (Findley Aff. ¶ 13, Ex. H.) Later plaintiff requested copies of the court record, which defendant forwarded to him on January 6, 2003. (Findley Aff. ¶ 13, Ex. I.)

In 2004, plaintiff filed a petition for a writ of habeas corpus with the Wisconsin Court of Appeals under Case No 4-2287-W, in which he alleged that defendant's representation had been ineffective because defendant "dropped the appeal." (Findley Aff. ¶ 15, Ex. J.)

5

The court of appeals denied the writ ex parte because its own records showed that defendant had succeeded on the appeal. Id.

Defendant avers:

> Although the Court of Appeals decision that is the subject of the present lawsuit had sent the original criminal case back to the trial court for a hearing on the voluntariness of the guilty plea, reversing the lower court's order, it had also ordered a reversal of the judgment. The plaintiff's decision to abandon his effort to withdraw his guilty plea was the reason no hearing was held, in spite of my retaining an expert and my preparation for it.
>
> Nonetheless, had the hearing on the motion to withdraw the plea proceeded in 1998, the trial court would have made its findings of fact and then either reinstated the original Criminal Information for trial, or reaffirmed the plea and conviction, again triggering the right to appeal. I believe that plaintiff's choice to withdraw the pending motion merely puts the parties back in the position they were in before the appeal was filed.

(Findley Aff. ¶¶ 16-17.) Defendant further avers that he did not conspire with anyone to deprive plaintiff of any of his rights. (Findley Aff. ¶ 19.)

### III. ANALYSIS

Defendant contends that there is no evidence that he conspired with state agents to deprive plaintiff of his rights, other than plaintiff's conclusory assertion of the same, and that the documentation of the prior proceedings establishes that there is no reasonable dispute of material fact that would allow plaintiff to prevail. Specifically, defendant asserts that the uncontroverted record shows that plaintiff chose to withdraw his direct appeal immediately before the very hearing that might have determined whether or not his prior guilty plea was valid or should have been set aside, and therefore, the reversal of his conviction on appeal became a nullity and his conviction stands.

6

Case 2:04-cv-00933-LA   Filed 08/08/05   Page 6 of 8   Document 23

Plaintiff contends that there is a genuine issue of material fact precluding summary judgment. According to plaintiff,

> Defendant Findley did conspire with state officials to conceal from plaintiff about court proceedings that were taking place in Milwaukee Circuit Court and with Wisconsin Court of Appeals. Attached at Exhibit E, is a copy of a circuit court record reveals that the plaintiff was not in "court" with defendant Findley.

(Pl.'s Br. in Support of his Resp. at 2.)

In support of his response to defendant's motion for summary judgment, plaintiff filed an affidavit which states in full:

> I am the plaintiff in the above captioned case.
>
> I am confined at Wisconsin Resource Center.
>
> I met with the defendant at Columbia Correctional Institution on September 20, 1996, at which time plaintiff was informed that he would send all discovery to plaintiff.
>
> Plaintiff never receive any documents of postconviction motions or briefs on appeal.
>
> Plaintiff was kept in the dark about his appeal.

(Pl.'s Aff. in Support of his Resp. ¶¶ 1-5.)

Plaintiff's affidavit is the only evidence he has submitted. Such evidence does not effectively dispute defendant's proposed facts. See Fed. R. Civ. P. 56(e); see also Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) citing Patterson v. Chi. Ass'n for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1988) ("It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact"). Based on the undisputed facts, no reasonable fact finder could find that defendant conspired with state officers to deprive plaintiff of his constitutional rights. Accordingly, defendant's motion for summary judgment will be granted.

7

## CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Docket #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 7 day of August, 2005.

/s_____
LYNN ADELMAN
District Judge